IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW ISHII,

        Plaintiff,

v.                                                    Civ. No. 09-490 MV/GBW

STATE OF NEW MEXICO TAXATION AND REVENUE
DEPARTMENT MOTOR VEHICLE DEPARTMENT,
KENDRIC HINDI, individually and in his official capacity,
CURRY COUNTY BOARD OF COMMISSIONERS,
MAGISTRATE COURT OF CLOVIS, CURRY COUNTY,
NEW MEXICO,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants the Curry County Board of Commissioners' Motion to Dismiss or for Summary Judgment and Memorandum in Support (Doc. No. 11, filed may 27, 2009) and on State Defendants' Motion and Memorandum in support thereof to Dismiss Plaintiff's Complaint (Doc. No. 12, filed May 29, 2009). For the reasons stated below the Motions will be **GRANTED in part** and **DENIED in part**. The Court grants Plaintiff leave to amend his Complaint within fourteen days of entry of this Order.

**Factual Background**

On August 31, 2006, Plaintiff's case regarding his DWI citation was dismissed. (Complaint ¶ 5, Doc. No. 1-3, filed May 18, 2009). One of the clerks from the Magistrate Court in Clovis, Curry County, New Mexico, completed the Abstract of Record on Plaintiff's DWI citation and incorrectly stated that Plaintiff plead "nolo," when Plaintiff had plead "not guilty." (*Id.* ¶ 4).

After Plaintiff received a Notice of Revocation (DWI Criminal Conviction) from the Motor

Vehicle Division ("MVD"), Plaintiff's counsel sent a letter to the MVD advising them of the error, providing a copy of the order dismissing Plaintiff's case, and requesting immediate reinstatement of Plaintiff's driver's license. (*Id.* ¶¶ 6-7). After being notified of the error, no action was taken by MVD supervisor Defendant Hindi or any other MVD employee to correct Plaintiff's driver's license record. (*Id.* ¶¶ 9-10). Plaintiff also alleges that Defendant Hindi failed to adequately and properly train and/or to adequately and properly supervise his employees and agents. (*Id.* ¶ 11).

On February 27, 2007, an officer with the Clovis Police Department arrested Plaintiff for driving on a revoked license. (*Id.* ¶ 2). Plaintiff was then incarcerated at the Curry County Adult Detention Center for about two hours or less. (*Id.* ¶¶ 3, 13-14). Plaintiff was incarcerated even though he tried to explain to the arresting officer and detention center staff that there was an error. (*Id.* ¶ 14).

**Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Detailed factual allegations are not required. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-that the pleader is

entitled to relief." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss". *Id.*

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Neitzke v. Williams*, 490 U.S. 319, 329-330 (1989); *see also Brever v. Rockwell Intern. Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) ( "Ideally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.")(*quoting* 6 C. Wright & A. Miller, Federal Practice & Procedure, § 1483, at 587 (2d ed. 1990).

**County's Motion to Dismiss**

The County argues that Plaintiff failed to state a claim under federal or state law for false imprisonment because New Mexico detention centers have no duty to independently investigate a claim of innocence. New Mexico state law provides:

> A. Every public officer who has power to order the imprisonment of any person for violation of law shall, on making such order, transmit to the sheriff, jail administrator or independent contractor of his respective county a true copy of the order so that the person imprisoned may be considered under his custody until expiration of the commitment or until further steps, as provided by law, are taken to obtain the prisoner's liberty, of which he shall, in due time, notify the sheriff, jail administrator or independent contractor in writing.
>
> B. Any jailer who deliberately and knowingly releases a prisoner without an order of release as provided in this section, except upon expiration of the prisoner's term of commitment, is guilty of a misdemeanor and shall be removed from office.

N.M. Stat. Ann. § 33-3-12; *see also Scull v. New Mexico*, 236 F.3d 588, 597 (10th Cir. 2000)(considering N.M. Stat. Ann. § 33-3-12 and concluding that "[detention center defendants]

3

were not required by either the Constitution or statute to investigate independently [plaintiff's] claim that he should be released within this time frame")(*quoting Thompson v. Duke*, 882 F.2d 1180, 1186 (7th Cir. 1989)(defendants in Section 1983 claim, "as mere jailers, only had a duty to determine the facial validity of the warrant under which [defendant] was held; they had no independent duty to investigate [defendant's] claims of innocence")). An "official charged with maintaining custody of the accused named in the warrant is [not] required by the Constitution to perform an error-free investigation of [a claim of innocence]." *Baker v. McCollan*, 443 U.S. 137, 146 (1979)(stating that while a detention of three days pursuant to a valid warrant but in the face of repeated protests of innocence might give rise to a claim under state tort law, it gives rise to no claim under the United States Constitution).

Plaintiff cites case law from the State of Washington for the proposition that in certain circumstances, jailers may be held liable for false imprisonment. *See Stalter v. Washington*, 151 Wash.2d 148, 157, 86 P.3d 1159, 1163 (2004)("jail personnel have the duty to take steps to promptly release a detainee once they know or should know, based on information presented to them, that there is no justification for holding the individual"). Regarding a detainee's Section 1983 claim, the Supreme Court of Washington concluded that the detainee "failed to establish a violation of the United States Constitution because he was only held three days before he was provided with a hearing at which his attorney had the opportunity to argue the issue of misidentification to the judge." *Stalter*, 86 P.3d at 1164. Plaintiff cites no legal authority to show that he has stated a claim for relief with respect to his Section 1983 claims against the County.

**State Defendants' Motion to Dismiss**

The MVD and Defendant Hindi, in his official capacity as Supervisor of the MVD, argue that they are not amenable to suit under 42 U.S.C. § 1983 because they are not "persons" within the

4

meaning of § 1983.  (Motion at 3).  Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits."  *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Div.,* 179 Fed. Appx. 445, 446 (10th Cir. 2006)(*citing Howlett v. Rose*, 496 U.S. 356, 365, (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Plaintiff responded with a one-paragraph discussion stating that "suits against states or their agencies, however, may be brought under Section 1983 in state or federal court if the state has waived its Eleventh Amendment or sovereign immunity, by expressly consenting to suit."  (Response at 4, Doc. No. 15, filed July 6, 2009).  Plaintiff does not, however, allege in his Complaint or in his Response, that the State Defendants consented to suit.

The State Defendants' Motion also contends that Plaintiff has failed to state a viable Section 1983 claim against Defendant Hindi in his individual capacity because Plaintiff did not allege that Defendant Hindi deliberately deprived Plaintiff of a constitutional right.  (*See* Motion at 4-6).  "The Supreme Court has made it clear that liability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence."  *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir.1992).  "To establish supervisor liability under § 1983, it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, ... the plaintiff must establish a

5

deliberate, intentional act by the supervisor to violate constitutional rights." *Serna v. Colorado Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006).  Plaintiff's only allegations against Defendant Hindi is that Defendant Hindi did not take any action to correct Plaintiff's driver's license error and failed to adequately train and supervise his employees.   Plaintiff's Complaint does not expressly allege Defendant Hindi acted deliberately to violate Plaintiff's rights.  Plaintiff's Response did not present any argument against the State Defendant's motion to dismiss Plaintiff's Section 1983 claim against Defendant Hindi in his individual capacity.  After the State Defendants identified the factual deficiencies in Plaintiff's Complaint for stating a plausible claim for relief, Plaintiff did not allege any additional facts in his Response or seek to amend his Complaint.

**Discussion**

Plaintiff seeks damages for negligence, malicious prosecution, assault and battery, wrongful arrest and false imprisonment and "violation of 42 U.S.C. 1983." ((*Id.* ¶ 15).  Plaintiff's Complaint does not expressly identify any specific constitutional rights allegedly infringed.  Plaintiff's Complaint states only that the acts described in the Complaint constitute a "violation of 42 U.S.C. 1983."  ((*Id.* ¶ 15).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Morgan v. Gertz*, 166 F.3d 1307, 1309 (10th Cir. 1999)(*quoting Albright v. Oliver*, 510 U.S. 266, 271(1994)).

Plaintiff's two and a half page Complaint does not indicate which of the state law claims of negligence, malicious prosecution, assault and battery, wrongful arrest and false imprisonment  he is alleging against each of the Defendants.  Plaintiff's Complaint contains only fourteen sentences of factual allegations.  Those allegations do not permit the court to infer more than the mere possibility of a constitutional violation.

Because it alleges, but it has not shown, that Plaintiff is entitled to relief for violation of his constitutional rights, Plaintiff's Complaint fails to state a claim for violation of his constitutional rights upon which relief may be granted pursuant to 42 U.S.C. § 1983 and, therefore, Plaintiff's federal claims should be dismissed. However, given the factual context of this case, the Court, drawing upon its experience and common sense, finds that it may be possible for Plaintiff to state a claim for violation of his constitutional rights. The Court will, therefore, dismiss Plaintiff's federal law claims with leave to amend his Complaint. Plaintiff shall have fourteen days from entry of this Order to amend his Complaint.

Because it is dismissing Plaintiff's federal law claims, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a claim where it has dismissed all claims over which it has original jurisdiction); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (generally, when district court dismisses the federal claims, leaving only supplemental state claims, the most common response has been to dismiss the state claims without prejudice). The Court will dismiss Plaintiff's state law claims without prejudice. Plaintiff may include his state law claims in his amended complaint.

**IT IS SO ORDERED.**

Dated this 11th day of March, 2010.

_____
**MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Daniel R. Lindsey
920 Mitchell Street
Clovis, NM 88101

*Attorney for Defendants State of New Mexico Taxation and Revenue Department Motor Vehicle Department, Kendric Hindi, and Magistrate Court of Clovis:*

Mark A. Basham
2205 Miguel Chavez, Suite A
Santa Fe, NM 87505

*Attorney for Defendant Curry County Board of Commissioners:*

Daniel J. Macke
500 Marquette NW, Suite 700
Albuquerque, NM 87102